# UNITED STATES DISTRICT COURT

## FOR THE WESTERN DISTRICT OF LOUISIANA

### SHREVEPORT DIVISION

RICHARD E. COLEMAN       CIVIL ACTION NO. 13-3177-P

VERSUS       JUDGE WALTER

WARDEN N. BURL CAIN       MAGISTRATE JUDGE HORNSBY

### REPORT AND RECOMMENDATION

In accordance with the standing order of this court, this matter was referred to the undersigned Magistrate Judge for review, report and recommendation.

### STATEMENT OF CLAIM

Before the court is a petition for writ of habeas corpus filed by pro se petitioner Richard E. Coleman, pursuant to 28 U.S.C. §2254. This petition was received and filed in this court on December 2, 2013. Petitioner is incarcerated in the Louisiana State Penitentiary in Angola, Louisiana. He names Warden N. Burl Cain as respondent.

On April 22, 1985, Petitioner was convicted of one count of armed robbery, two counts of aggravated rape, and one count of aggravated crime against nature in the Louisiana First Judicial District Court, Parish of Caddo. On May 16, 1985, he was sentenced to 25 years imprisonment at hard labor without benefit of parole, probation, or suspension of sentence as to the armed robbery conviction, life imprisonment at hard labor without benefit of parole, probation, or suspension of sentence as to each of the aggravated rape convictions, and 15 years imprisonment at hard labor without the benefit of parole, probation, or

suspension of sentence as to the aggravated crime against nature conviction. The trial court ordered the armed robbery sentence to run consecutively to the other three sentences. Petitioner's convictions and sentences were affirmed on appeal. State v. Coleman, 486 So.2d 995 (La. App. 2 Cir. 4/2/1986), rehearing denied 4/30/1986, 493 So.2d 634 (La. 9/19/1986).

Petitioner filed an application for post-conviction relief pursuant to La.C.Cr.P. art. 926.1B on December 9, 2004. The Louisiana Second Circuit Court of Appeals granted his application and ordered DNA testing on September 7, 2006. The final DNA report was filed on February 4, 2008. On March 13, 2010, the trial court denied Petitioner's application for post-conviction relief based on the report.

Petitioner filed a second application for post-conviction relief based on newly discovered evidence on October 4, 2012. The trial court denied the application as repetitive and untimely. Review of this application continued until the Supreme Court of Louisiana denied writs of review on October 4, 2013.

In support of his petition, Petitioner alleges (1) the state courts failed to consider his claims based on newly discovered evidence; (2) the evidence was insufficient to support the conclusion that the lab used a proper scientific procedure; and (3) the state court failed to conduct an evidentiary hearing on the admissibility and reliability of the PCR DNA test results.

For the reasons that follow, Petitioner is not entitled to the relief requested and his petition should be dismissed because it is barred by the one-year limitation period of the Antiterrorism and Effective Death Penalty Act ("AEDPA"), 28 U.S.C. § 2244.

## LAW AND ANALYSIS

On April 24, 1996, the AEDPA amended 28 U.S.C. § 2244 to provide for a "1-year period of limitation [that] shall apply to an application for writ of habeas corpus by a person in custody pursuant to the judgment of a State court."  The limitation period runs from the latest of four possible dates, as follows[1]:

1.  the date "the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;"

2.  the date "the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed if the applicant was prevented from filing by such State action;"

3.  the date that "the constitutional right asserted was initially recognized by the Supreme Court," if it is newly recognized and made retroactively applicable; or

4.  the date "the factual predicate of the claim . . . presented could have been discovered through . . . due diligence."  28 U.S.C. § 2244 (d)(1).

Therefore, in order to determine whether a petitioner has filed a timely application, the court must allow the petitioner one year from the most recent date provided by subsections (1) through (4).  However, where a state prisoner's federal habeas petition is

---

[1]  The time during which a properly filed state post-conviction relief application or other collateral review is pending shall not be counted toward the period of limitations.  See 28 U.S.C. § 2244(d)(2).

based on claims that arose more than one year prior to the AEDPA's enactment, the AEDPA's one year limitation period bars the petition unless it was filed on or before April 24, 1997. See United States v. Flores, 135 F.3d 1000, 1002 n.7 & 1006 (5th Cir. 1998) (applying the 1-year limitation period of AEDPA to both petitions filed under Sections 2254 and 2255); Flanagan v. Johnson, 154 F.3d 196, 199-201 & n.2 (5th Cir. 1998). In effect, this gives a petitioner whose conviction became final on or before April 24, 1996 a one-year grace period after the enactment of the April 24, 1996 legislation to file a petition. Thus, no petition filed before April 24, 1997 will be time-barred under 28 U.S.C. § 2244(d).

Petitioner's convictions and sentences became final in 1986, prior to the enactment of the AEDPA. Petitioner was convicted on April 22, 1985 and sentenced on May 16, 1985. The Louisiana Second Circuit Court of Appeal affirmed his convictions and sentences on April 2, 1986. State v. Coleman, 486 So.2d 995, (La. App. 2 Cir. 4/2/86). The Supreme Court of Louisiana denied writs of review on September 19, 1986. State v. Coleman, 493 So.2d 634, (La. 9/19/86). In a case where a convicted person timely pursues his direct appeal through a writ application to the Supreme Court of Louisiana, the conviction and sentence become final for purposes of Section 2244 ninety days after the state's high court enters its judgment, which is when the time to file a petition for writ of certiorari with the Supreme Court has expired. Roberts v. Cockrell, 319 F.3d 690, 693 (5th Cir. 2003). Therefore, Petitioner's conviction and sentence became final on direct review 90 days after September 19, 1986 on December 18, 1986.

It does not appear Petitioner filed any state post-conviction relief applications during

the one-year period from April 24, 1996 through April 24, 1997.  Thus, Petitioner's one-year period to file for federal habeas relief ended on April 24, 1997.  The federal petition currently before the court was received and filed in this court on December 2, 2013, more than 16 years too late.

In addition, the untimely post-conviction applications initiated by Petitioner in December 2004 and October 2012 do not serve to toll the one-year limitation period, as they were not filed within the one-year period.  See supra footnote 1.  To toll the federal limitation period at all, a petitioner's state post-conviction application must be filed within the federal one-year period.  Petitioner did not file the first application for post-conviction relief until December 2004 and the second application for post-conviction relief until October 2012, after the limitation period had already expired in April 1997.  Thus, statutory tolling does not apply in this matter and this case is time barred pursuant to 28 U.S.C. § 2244(d)(1)(A).

Pursuant to La. C.Cr.P. art. 926.1 which was enacted in 2001, a person convicted of a felony may file an application for post-conviction relief requesting DNA testing prior to August 31, 2007.  In order to give Petitioner the benefit of the doubt, this court will not begin calculating the one-year limitation period until after the district court ruled on his 2004 application for post-conviction relief on March 13, 2010.

As previously stated, the federal petition currently before the court was received and filed in this court on December 2, 2013.  Since the federal clock began ticking in March 2010 and Petitioner had one full year in which to file his federal petition, Petitioner would have had to file this petition in or before March 2011.  This petition was not filed until December

2013 at the earliest, more than two years too late.

Petitioner claims that his federal petition is timely because of newly discovered evidence.  He claims the newly discovered evidence is a 1992 NRCI report that he received in December of 2011.  The court will construe his claim of newly discovered evidence as an argument that he is entitled to statutory tolling pursuant to 28 U.S.C. § 2244(d)(1)(D).  This claim is without merit.  This subsection permits the determination of the limitations period from " ... the date on which the factual predicate of the claim ... could have been discovered through the exercise of due diligence."  The factual predicate of Petitioner's claim is a 1992 NRCI report about DNA testing procedures and the testing of the DNA samples in his case in 2007 and 2008.

Petitioner argues in support of his claim that the 1992 NRCI report will prove that the DNA testing procedures used in his case were faulty.   As provided by the statute, Petitioner may have the limitations period calculated not from the date the "new" fact was discovered, but rather the date upon which the "new" fact "could have been discovered through the exercise of due diligence."  28 U.S.C. § 2244(d)(1)(D).  The report Petitioner relies on was published in 1992 and the final report regarding the results of the testing of the DNA samples in his case was filed on February 4, 2008.

The Petitioner could have discovered through the exercise of due diligence prior to the expiration of the one-year limitation period in March of  2011 the factual predicate of his claim.  Thus, Petitioner cannot rely upon the provisions of 28 U.S.C. § 2244(d)(1)(D).

The court will liberally construe Petitioner's claim of newly discovered evidence as

an argument that the federal one-year limitation period should be equitably tolled. The Fifth Circuit Court of Appeal has recognized that the one-year limitation period for filing a habeas corpus petition established in 28 U.S.C. §2244(d)(1) is not a jurisdictional bar and is therefore subject to equitable tolling.  See Davis v. Johnson, 158 F.3d 806, 811 (5th Cir.1998).  Although equitable tolling is a "discretionary doctrine that turns on the facts and circumstances of a particular case," the court ordinarily "draw[s] on general principles to guide when equitable tolling is appropriate." Fisher v. Johnson, 174 F.3d 710, 713 (5th Cir. 1999).  As a general rule, equitable tolling operates only "in rare and exceptional circumstances" where it is necessary to "preserve[ ] a plaintiff's claims when strict application of the statute of limitations would be inequitable." Davis, 158 F.3d at 810-11 (citation and internal quotation marks omitted).  Equitable tolling thus applies " 'principally where the plaintiff is actively misled by the defendant about the cause of action or is prevented in some extraordinary way from asserting his rights.'" Coleman v. Johnson, 184 F.3d 398, 402 (5th Cir.1999) (citation omitted).  As a consequence, neither "excusable neglect" nor ignorance of the law is sufficient to justify equitable tolling. Id.

Petitioner argues that the federal one-year limitation period should be equitably tolled because of newly discovered evidence.  The court finds these arguments for equitable tolling do not constitute "rare and exceptional" circumstances sufficient to toll the statute of limitations.  The pleadings do not suggest that Petitioner was "actively misled" nor do they suggest that he was prevented in any way from asserting his rights.   A mere claim of actual innocence does not constitute "rare and exceptional" circumstances sufficient to toll the

statute of limitations.  <u>Cousin v. Lensing</u>, 310 F.3d 843, 849 (5th Cir. 2002); <u>Felder v. Johnson</u>, 204 F.3d 168, 171 (5th Cir. 2000).  Thus, equitable tolling does not apply in this matter and this case is time barred.

For the foregoing reasons, Petitioner's <u>habeas</u> petition should be dismissed because it is time barred by the one-year limitation period imposed by the AEDPA.

Accordingly;

**IT IS RECOMMENDED** that Petitioner's application for writ of <u>habeas</u> <u>corpus</u> be **DENIED AND DISMISSED WITH PREJUDICE**, <u>sua</u> <u>sponte</u>, because it is time barred by the one-year limitation period imposed by the AEDPA.  <u>See</u> <u>Kiser v. Johnson</u>, 1999 WL 199 (5th Cir. 1/6/99) (No. 11,292).

## OBJECTIONS

Under the provisions of 28 U.S.C. § 636(b)(1)(C) and Fed. R. Civ. P. 72(b), parties aggrieved by this recommendation have fourteen (14) days from service of this Report and Recommendation to file specific, written objections with the Clerk of Court, unless an extension of time is granted under Fed. R. Civ. P. 6(b).  A party may respond to another party's objections within fourteen (14) days after being served with a copy thereof.  Counsel are directed to furnish a courtesy copy of any objections or responses to the District Judge at the time of filing.

A party's failure to file written objections to the proposed findings, conclusions and recommendation set forth above, within fourteen (14) days after being served with a copy shall bar that party, except upon grounds of plain error, from attacking, on appeal, the

proposed factual findings and legal conclusions that were accepted by the district court and that were not objected to by the aforementioned party.  See Douglas v. U.S.A.A., 79 F.3d 1415 (5th Cir. 1996) (en banc).

An appeal may not be taken to the court of appeals from a final order in a proceeding under Section 2254 unless a circuit justice, circuit judge, or district judge issues a certificate of appealability. 28 U.S.C. § 2253(c); F.R.A.P. 22(b).  Rule 11 of the Rules Governing Section 2254 Proceedings for the U.S. District Courts requires the district court to issue or deny a certificate of appealability when it enters a final order adverse to the applicant. A certificate may issue only if the applicant has made a substantial showing of the denial of a constitutional right. Section 2253(c)(2). A party may, within **fourteen (14) days** from the date of this Report and Recommendation, file a memorandum that sets forth arguments on whether a certificate of appealability should issue.

**THUS DONE AND SIGNED**, in chambers, in Shreveport, Louisiana, this 8th day of September 2015.

Mark L. Hornsby
U.S. Magistrate Judge